GEORGE J. SOMERVILLE (ALSO KNOWN AS SLIM SUMMERVILLE), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98831.   Promulgated March 14, 1941.

*Edward L. Conroy, Esq.*, for the petitioner.
*E. A. Tonjes, Esq.*, for the respondent.

OPINION.

BLACK: The Commissioner has determined deficiencies in income tax against petitioner of $3,588.01 for 1936 and $11,229.22 for 1937. These deficiencies result from the addition by the Commissioner to the income reported by petitioner on his income tax returns of income reported by petitioner's wife, which the Commissioner held to be the separate income of petitioner. The Commissioner, in explaining his adjustment for 1936, stated in his deficiency notice as follows:

> Your net income from and after September 1, 1936 constitutes your separate income taxable to you under the provisions of Section 22 (a) of the Revenue Act of 1936, by reason of the property settlement agreement entered into with your wife, effective on September 1, 1936. Your entire net income from salary for the full year in an amount of $61,440.46 was equally divided with your wife on an alleged basis of equal community interest, and $30,720.23 was reported by each in separate returns filed; whereas the net income prior to September 1, 1936, in which your wife had a community interest, was only $33,083.23, with $16,541.62 properly reportable as taxable to her in lieu of the amount of $30,720.23 excluded from your net income and reported in the return of Mrs. George J. Somerville (Gertrude M. Somerville). The addition to your net taxable income is, therefore, $14,178.61.

In explanation of his determination of the deficiency for 1937, the Commissioner stated in his deficiency notice, as follows:

> Your net income during the period from January 1, 1937 to October 2, 1937 constitutes your separate income taxable to you under the provisions of Section 22 (a) of the Revenue Act of 1936, by reason of the property settlement agreement entered into with your wife, Mrs. Gertrude M. Somerville, effective on September 1, 1936. The portion of your net income from salary for the period mentioned which you allocated to, and which was reported by, Gertrude M. Somerville in the separate return filed by her for the taxable year is, therefore, restored to your return and added to your taxable net income in an amount of $28,941.85.

The foregoing adjustments are contested by the petitioner in the following assignment of error:

> The determination of the tax set forth in the said notice of deficiency is based upon the following errors:
> (a) Including as taxable income to the petitioner that portion of his earnings which is taxable to his wife under the Community Property Law of the State of California.

The facts are stipulated and we adopt the stipulation as our findings of fact and summarize here only such facts as seem material to our decision.

The petitioner is an individual, with residence at Redondo Beach, California. For several years prior to October 2, 1937, the petitioner and Gertrude Martha Somerville were husband and wife, domiciled in

the State of California. Their marriage relationship was terminated on the aforesaid date by a divorce granted to the wife by the Superior Court of California in and for Los Angeles County. Thereafter on December 8, 1937, the petitioner was married to Eleanor L. Somerville, his present wife. Sometime before their divorce the petitioner and Gertrude Martha Somerville became separated and were living separate and apart from each other on September 1, 1936. To settle certain business and domestic problems, including care, maintenance, and education of a minor child, the wife, as party of the first part, and petitioner, as party of the second part, entered into a written property settlement agreement on September 1, 1936, which, to the extent here material, provided as follows:

WHEREAS unhappy differences have arisen between said parties by reason whereof the parties hereto from henceforth can not live happily together, and by reason whereof they are now living separate and apart, and whereas on account of such unhappy differences the parties henceforth must live separate and apart, each from the other, and whereas in view of such facts it is the desire and intent, finally and absolutely, of said parties, by this indenture, to settle and forever adjust, and have settled and forever adjusted between themselves, all of their mutual and respective present and future property rights, both as to the properties which either may claim to be community property, and also as to the separate estate of each, * * *

WHEREAS it is further desired and agreed on the part of the parties hereto, finally and absolutely, to settle and adjust by this indenture all of their mutual and respective rights and obligations one to the other arising out of their marriage relation, and also to determine and settle their respective rights of inheritance one from the other; and

WHEREAS the said parties hereto have, since the date of their marriage, acquired certain community property; and

WHEREAS there is a minor child of the parties hereto, and it is their further desire and intent by this indenture to provide for the maintenance, care and custody of said minor child; and

*     *     *     *     *     *     *

Now THEREFORE, for and in consideration of the premises and mutual covenants herein expressed by and between the said parties hereto, the party of the second part agrees to pay to the party of the first part, and the party of the first part agrees to accept, a sum equal to one-half of the net income received by the second party from whatsoever source other than from income received from investments made during said period and other than income received by reason of testate or intestate succession, for a period of two years next and consecutively following upon and from the date of the execution and signing of this property settlement agreement, * * *

*     *     *     *     *     *     *

It is expressly understood and agreed that the above defined and described one-half of the net income of the second party agreed herein to be payable to the first party by the second party for said two year period, and the other covenants, promises, conveyances and transfers provided for in this agreement, are hereby expressly agreed to be in full and final settlement of any claim or claims of any kind or nature, other than otherwise disposed of in this property settlement agreement, which either party might or could otherwise make against the other party, or the separate estate of the other party, one against the other, whether

in law or in equity or in probate; also as and for full satisfaction and settlement or any and all claim or claims of community property which either might or could make against the other, * * *

The contract made provisions for the disposition of a multitude of business and domestic problems not here material, including the settlement of interests in money on hand and individually owned and community assets. It also provided in part XII, that, after the date of its execution, income tax assessments "due, paid, or payable anywhere" upon the wife's income should be borne and paid solely by her and not by the husband. And, in part XII, provided that the income tax payments and/or penalties, if any, due or to become due upon the petitioner's income or upon community property income of both parties for any period during the existence of their marriage and prior to execution of the contract, should be borne and paid one-half by each of the parties. Concluding provisions of the contract included the following:

XVII. It is further mutually understood and agreed that each of the parties may for themselves, independently of the other, control or do business in all matters the same as though he or she were single.

XVIII. It is further understood and agreed that in making this final settlement of property rights that each of the parties hereto waives, *relinquishes and forever surrenders all claim or claims of every kind or nature which she or he has or might hereafter acquire in or to or against the property of the other now held or hereafter acquired,* including the rights of inheritance in case of death intestate or testate, which right each hereby expressly waives in favor of the heirs of the other. [Italics supplied.]

Petitioner's total net earnings from his personal services for the year 1936 were $61,440.46. From September 1, 1936, to and including December 31, 1936, petitioner's net earnings from his personal services were $28,357.23. One-half of said sum of $61,440.46, being petitioner's total net earnings for the year 1936, was reported on the Federal income tax return filed by petitioner and one-half thereof was reported on the Federal income tax return filed by Gertrude Martha Somerville.

Petitioner's total net earnings from his personal services for the year 1937 were $79,766.71. His net earnings from his personal services for the period commencing January 1 and ending October 1, 1937, were $57,883.70, and for the period commencing October 2 and ending December 8, 1937, were $15,955.23. Petitioner's net earnings from his personal services for the period commencing December 8 and ending December 31, 1937, were $5,927.78. One-half of the sum of $57,883.70, being petitioner's net earnings from his personal services for the period commencing January 1 and ending October 1, 1937, was reported on the Federal income tax return filed by petitioner, and one-half of the amount was reported on the Federal income tax return filed by Gertrude Martha Somerville. All of the sum of $15,955.23, being petitioner's net earnings from his personal services for the period com-

mencing October 2, 1937, and ending December 8, 1937, was reported on the Federal income tax return filed by petitioner, and one-half of the sum of $5,927.78, being petitioner's net earnings from his personal services for the period commencing December 8 and ending December 31, 1937, was reported on the Federal income tax return filed by petitioner and one-half thereof was reported on the Federal income tax return filed by his present wife, Eleanor L. Somerville.

The petitioner relies upon section 161a of the Civil Code of California,[1] which provides that the interests of husband and wife in community property shall remain present, existing and *equal* during the marriage relation, although conceding that such status of community interests may be altered by contract. The marriage relation in this case between petitioner and Gertrude M. Somerville terminated October 2, 1937, with the granting of the divorce. Under the aforesaid California statute the wife's one-half interest in petitioner's income would continue until the date of divorce, in the absence of any conveyance or agreement transferring that interest to her husband. *Sherman* v. *Commissioner*, 76 Fed. (2d) 810. The petitioner in his brief concedes that sections 158 and 159 of the California Civil Code authorize a husband and wife residing in that state to contract with each other the same as unmarried individuals and thereby release their properties, including personal earnings of either, from community property claims, citing *Helvering* v. *Hickman*, 70 Fed. (2d) 985; *Van Every* v. *Commissioner*, 108 Fed. (2d) 650; and *Sparkman* v. *Commissioner*, 112 Fed. (2d) 774, as typical cases where contracts were construed to have such effect. The petitioner, however, seeks to distinguish the property settlement agreement in the instant case from the property settlement agreements construed in the cases cited and argues in brief that its terms bring the case within *Sherman* v. *Commissioner*, *supra*, where a contract there construed was held to have no effect upon community income; because, as pointed out by the court in its opinion, "There is nothing in the agreement which directly or indirectly deals with the subject of the future earnings of either husband or wife." We do not think what the court said of the contract in the *Sherman* case applies to the contract which we have before us in the instant case. Clearly, it can not be said of the contract which we now construe that it does not deal with the community properties, including incomes of its parties, present and future. Its initial inducement clause, *supra*, declares the intent of the parties to be to "forever settle, and have forever settled and adjusted between themselves all of their mutual and respective

[1] 161a. *Interests in community property.* The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in community property. [Added by Stats. 1927, p. 484.]

*present and future property rights, both as to the properties which, either may claim to be community property,* and also as to the separate estate of each." (Italics supplied.) This all-inclusive declaration of intent would seem to settle all question as to what the parties set out to do in their settlement. The provisions which follow this declaration of intent clearly show that the parties did carry it out and did dispose of and release each to the other all present and future interests which either party then owned or in the future could claim against the other, including community property interests.

The upshot of petitioner's contention on this point is that the contract did not say in so many words that the parties intended thereafter that the income of each should "belong to the spouse who earned it." Notwithstanding this contention of petitioner, we hold that the property settlement agreement in question did make the future earnings of either party to it the separate property of the spouse who earned it. In all its essential respects the contract is similar to the contract construed in *Van Every* v. *Commissioner, supra,* which the petitioner has cited. In so far as the findings in that case show, as reported in 108 Fed. (2d) 650, the property settlement contract involved between husband and wife did not mention in so many words the income of either, but, as in the contract which we have in the instant case, having divided certain property and having provided, among other things, that thereafter the husband should pay to the wife $18,000 per annum (but no more than one-half of his net income and no less than $500 per month), it contained reciprocal release to the property transferred and to all claims against each other's property, present or future, and for settlement of all future demands or obligations. In that situation the court said that the contract was one which affected the future income of the parties and held that thereafter in virtue of said releases the income of the husband was his separate property taxable solely to him. We hold that the decision cited and others equally in point are against the contentions here made by the petitioner. Upon authority of it and other holdings we sustain the respondent herein.

*Decision will be entered for the respondent.*